**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(NORTHERN DIVISION)**

| | | |
|---|---|---|
| **JAMES DEMPSEY** | * | |
| **Plaintiff,** | * | **Civil Action No.: 1:13-cv-01363-CCB** |
| **v.** | * | |
| **WELLS FARGO BANK, N.A., et al.** | * | |
| **Defendants.** | * | |

*  *  *  *  *  *  *  *  *  *  *  *  *  *

**REPLY MEMORANDUM OF DEFENDANTS, WELLS FARGO BANK, N.A. AND BANK OF AMERICA, N.A., IN SUPPORT OF THEIR MOTION TO DISMISS COMPLAINT AND ALTERNATIVE MOTION TO STRIKE SUPERFLOUS ALLEGATIONS**

Defendants, Wells Fargo Bank, N.A. ("Wells Fargo") and Bank of America, N.A. (collectively, "Movants"), by their undersigned counsel, and pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure, offer this Reply Memorandum in Support of their Joint Motion to Dismiss the Complaint and in response to the Opposition (the "Opposition") filed herein by the Plaintiff, James Dempsey to the Motion to Dismiss.

## ARGUMENT

The Opposition to the Motion to Dismiss does little to substantively contest the arguments made by the Movants in their Motion to Dismiss. Rather, Mr. Dempsey seeks to obfuscate the record by making generalized and narrative statements with respect to purported deficiencies in the mortgage industry in an effort to paint lenders and servicers in a negative light and appeal to the Court's sympathies. The alleged facts, however, undermine Mr. Dempsey's claims. Mr. Dempsey , by his own admission been in default since 2008. The Complaint demonstrates that Mr. Dempsey was offered and accepted the terms of four forbearance

agreements which were extended to him in an effort to assist Mr. Dempsey in bringing his loan current. The terms of each of these forbearance agreements made clear that the lender was not under any obligation to further modify Mr. Dempsey's loan or grant him any further forbearance.. After considering Mr. Dempsey for both HAMP loan modifications and other potential loan modifications, it was determined that Mr. Dempsey was not eligible for a modification due to his income. Although Mr. Dempsey had a preconceived notion that he was (a) eligible for a HAMP modification and that (b) the modification process should be "easy," such assumptions on his part do not state a claim. Instead, the Complaint fails to state a claim in its entirety.

***I. The Tolling of Any Limitations Period is Inappropriate***

Mr. Dempsey's Complaint reflects that he has engaged – voluntarily – in making numerous loan modification requests from 2009 through the filing of the Complaint on March 23, 2013. Mr. Dempsey alleges that he was granted ***four*** temporary forbearance agreements – subject to terms that ***he accepted***. Each forbearance agreement advised Mr. Dempsey that his lender had no further obligation to modify his loan.

Still Mr. Dempsey continued to seek what he characterizes as a "sustainable" loan modification, apparently not satisfied with the forbearance agreements that he voluntarily accepted. Mr. Dempsey contends that the Movants violated the Maryland Consumer Protection Act, the Maryland Mortgage Fraud Protection Act, and the Maryland Consumer Debt Collection Act, solely because they allegedly continued to review Mr. Dempsey for a loan modification each time he submitted another request for modification. What Mr. Dempsey really complains of, however, is that he was not deemed eligible for the type of "sustainable" modification that he wanted. Each of Mr. Dempsey's claims are subject to the general three year limitations period

set forth in Section 5-101 of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland.  As this case was filed on March 23, 2013, Mr. Dempsey is time barred from asserting any claims on the basis of acts or omissions which occurred prior to March 23, 2010.

Although Mr. Dempsey seeks to toll the limitations period by reference to the fraudulent concealment doctrine, his Complaint fails to sufficiently allege fraudulent concealment with any particularity and it is his burden of proof to do so.

> One general exception to the accrual of the statute of limitations occurs in situations in which a defendant fraudulently conceals the cause of action from the plaintiff "so as to prevent its discovery by the exercise of due diligence." Atwell v. Retail Credit Co., 431 F.2d 1008, 1010 (1970), cert. denied, 401 U.S. 1009, 91 S.Ct. 1251, 28 L.Ed.2d 544 (1971) (The Court of Appeals for the Fourth Circuit, applying Maryland law, held that there was no fraudulent concealment as appellant's claim of concealment was unsupported by the record.). Indeed, CJP § 5–203 specifically provides: "If the knowledge of a cause of action is kept from a party by the fraud of an adverse party, the cause of action shall be deemed to accrue at the time when the party discovered, or by the exercise of ordinary diligence should have discovered the fraud." In order for this provision to apply and extend the applicable statute of limitations, a plaintiff must plead fraud or fraudulent concealment with particularity, and the complaint must "contain specific allegations of how the fraud kept the plaintiff in ignorance of a cause of action, how the fraud was discovered, and why there was a delay in discovering the fraud, despite the plaintiff's diligence." Archdiocese of Washington, 114 Md.App. at 187–88, 689 A.2d 634 (citations omitted). The burden is on the plaintiff to prove that he did not discover the alleged wrong within the applicable limitations period despite his exercise of ordinary diligence. Id. (citation omitted).

*Bacon v. Arey*, 203 Md.App. 606, 653-654, 40 A.3d 435 (2012).

Here, the sum total of Mr. Dempsey's allegations in support of his fraudulent concealment assertions is that Wells Fargo should have counseled him that he would not be eligible for a "sustainable" loan modification in the period that he obtained and accepted other forbearance offers.  Not only does he assert a non-existent duty on the part of a loan servicer akin to that of a financial advisor, his allegations of what he knew and did not know are contradictory and fail to rise to the level of specificity required to assert fraudulent concealment. Absent a

showing of fraudulent concealment, as described above, Mr. Dempsey's statutory claims arising from modification applications prior to March 23, 2010 must be dismissed as time-barred.

***II. Mr. Dempsey Fails to Sufficiently Allege Any Specific Misrepresentations or Material Omissions***

Mr. Dempsey admits that he entered into four forbearance agreements from 2009 through 2012which gave him an opportunity to bring his loan current, each of which made clear that the lender was under no obligation to further forbear the collection of his loan or permanently modify his loan. Mr. Dempsey then baldly alleges that Wells Fargo somehow materially misrepresented his eligibility for the type of loan modification he sought in accepting his many additional applications for loan modification, which Mr. Dempsey voluntarily submitted.[1] Here, Mr. Dempsey fails to meet the required pleading standard for fraud.

Not only is the Complaint devoid of any specific allegation to support Mr. Dempsey's assertions, his contention that reasonable reliance on an alleged misstatement or omission is not an element required to state a claim under the Maryland Consumer Protection Act is legally unfounded. Opposition page 9. In *Currie v. Wells Fargo Bank, N.A.*, ---F.Supp.2d---, 2013 WL 2295695 (D.Md. May 23, 2013), a case oft-cited by Mr. Dempsey, the court explained that while an element of "reasonable reliance" has not been expressly adopted by the Court of Appeals of Maryland, a claim under the MCPA requires that a plaintiff allege – *to the heightened Rule 9(b) pleading standard* – "(1) an unfair or deceptive practice or misrepresentation *that is (2) relied*

[1] Mr. Dempsey repeatedly asserts that he believed that Wells Fargo's consideration of his loan modification applications meant that Wells Fargo would be offering her a "sustainable modification." Not only is such an assumnption on his part not actionable, it is clear that Mr. Dempsey's definition of a "sustainable modification" is a HAMP modification. To the extent Mr. Dempsey is seeking to enforce HAMP by suing for damages for the failure to grant a HAMP modification, Mr. Dempsey's claims are barred by well settled law that there is no private cause of action under HAMP. In his Opposition, Mr. Dempsey cites to two federal circuit cases which recognize that state law claims, under certain circumstances, can survive a motion to dismiss where the claims are independent of the attempts to enforce the HAMP Guidelines or to force a HAMP modification. Here, Mr. Dempsey's repeated references to the classic HAMP modification terms as a "sustainable modification" clearly indicates that Mr. Dempsey's claim is, in reality, an attempt to enforce HAMP.

*upon*, and (3) causes them actual injury." *Id.* at *5 (quoting *Stewart v. Bierman*, 859 F.Supp.2d 754, 768 (D.Md. 2012). The District Court further held thatL "To establish reliance under the MCPA, Plaintiffs must plead and prove that the false or misleading statement *substantially induced their choice*." *Currie*, 2013 WL 2295695 at *7. Yet the only "reliance" allegations identified in support of Mr. Dempsey's claim, are those paragraphs which merely state in conclusory fashion that in reliance on requests for additional documents from Wells Fargo, Mr. Dempsey provided the additional documents. Mr. Dempsey has not alleged that the request for additional documents were false statements, or that he was injured by providing additional documents. A *mis*representation must necessarily be false or have the tendency to deceive to be actionable, and it must cause injury. Here, there is no allegation of deception or injury with respect to the request for additional documents. Mr. Dempsey was considered for modifications and was denied due, in part, to his income. Thus, the Complaint fails to state a claim as there is no reliance or injury, for reasons stated herein.

***III. Mr. Dempsey Fails to State A Claim Under The MCDCA***

In his Opposition, Mr. Dempsey offers two alternative theories for his MCDCA claims. First, Mr. Dempsey argues that "because Wells Fargo's own failures to consider timely complete document submissions in its review of Mr. Dempsey [sic] resulted in his placement into foreclosure, denial of a HAMP modification, and placement into the onerous temporary forbearance agreement, these attempts by Wells Fargo to collect on Mr. Dempsey's mortgage were attempts to enforce a right that the Defendants knew did not exist within the meaning of § 14-202(8) and thus violation of the MCDCA." This convoluted statement is not only inconsistent with Mr. Dempsey's pleadings admission it does not support his MCDCA claims as alleged.

Mr. Dempsey admits in his Complaint that he was in default when he was discharged from bankruptcy. At that time, Mr. Dempsey was offered a forbearance agreement to assist him

in bringing his loan current. Rather than paying according to the terms of the forbearance agreement, Mr. Dempsey sought a HAMP modification – for which he was ultimately denied due to his income. Regardless of the reasons for denial, however, it is Mr. Dempsey's own admitted defaults which gave the Movants the right to enforce the debt and collect thereon. Notably, *in a footnote of his Opposition*, Mr. Dempsey withdraws his claim as it relates the foreclosure of his mortgage loan, acknowledging therein that a mortgage payment default can legitimately give rise to debt collection and foreclosure under applicable case law. Opp. p. 10, n. 4.

Second, Mr. Dempsey contends that Wells Fargo must have known that Mr. Dempsey would not be eligible for a HAMP modification and thus – in his view - violated the MCDCA by accepting or considering his voluntarily submitted applications for a loan modification (of any kind). Considering a loan modification applications is not an attempt to collect debt, but rather an attempt to help a defaulted borrower become current. Moreover, the Complaint reflects that Mr. Dempsey did not timely submit all information requested to consider his modifications request, and that his income (as reflected in the documents the he submitted) rendered him ineligible for the type of loan modification that he sought (i.e. HAMP). See Complaint ¶¶ 85, 87. Thus, based on his admitted default and pleading admissions, Mr. Dempsey has failed to state a claim under the MCDCA.

### ***IV. Mr. Dempsey Is Not Entitled To The Relief Prayed***

Rather than addressing the arguments of the Movants as to his baseless claims for relief, Mr. Dempsey's Opposition simply contends that in order to recover emotional damages all one must show is consequential physical injury. While the case law may recognize damages for emotional distress where there is some physical manifestation, Mr. Dempsey must still establish the requisite causal connection between his purported emotional distress and his asserted claims.

It is well-settled that damages must be caused by the alleged wrongdoing. *See Troxel v. Iguana Cantina, LLC,* 201 Md. App. 476, 29 A.2d 1038 (2011) ("It is a basic principle that negligence is not actionable unless it is a proximate cause of the harm alleged. … To be a proximate cause for an injury, the negligence must be 1) a cause in fact, and 2) a legally cognizable cause."); *see also* Md. Code Ann., Comm'l Law Art. § 13-408(a) ("any person may bring an action to recover for injury or loss sustained by him as the result of a practice prohibited by this title."). Here, Mr. Dempsey has failed to allege any such causal link and any physical injury. Neither the marital issues nor the stress or anxiety experienced by his children can be causally linked to his denial for a HAMP loan modification. Neither can the damage to his credit be proximately linked to his assertions of wrongdoing as Mr. Dempsey admits that he has declared bankruptcy and defaulted on his debts. For these reasons, Mr. Dempsey fails to sufficiently allege any entitlement to the relief sought.

***V. The Alternative Joint Motion to Strike Is Appropriate***

To the extent this Court allows Mr. Dempsey to continue this action under the Complaint, Mr. Dempsey's editorial comments and unnecessary legal recitations therein should be stricken. Contrary to Mr. Dempsey's contention, such allegations add nothing to this case and are not required to state a claim for any of the counts advanced in the Complaint. Mr. Dempsey contends that these allegations are necessary to meet the "knowing" requirement of the Maryland Mortgage Fraud Protection Act. Such allegations cannot be used to establish a pattern and practice *as to Mr. Dempsey* under the Maryland Mortgage Fraud Protection Act. Mr. Dempsey's immaterial assertions are no more than an attempt to bolster the otherwise lacking *factual* allegations of his Complaint and should be stricken.

## CONCLUSION

For the reasons stated herein and those stated in the Motion to Dismiss, the Motion should be granted and Mr. Dempsey's Complaint must be dismissed without leave to amend.

RESPECTFULLY SUBMITTED

/s/ Virginia W. Barnhart

Virginia W. Barnhart (Bar No 03345)
Sarah E. Meyer (Bar No. 29448)
TREANOR POPE & HUGHES, P.A.
500 York Road
Towson, MD 21204
(410) 494-7777
vwbarnhart@tph-law.com
semeyer@tph-law.com

*Attorneys for Defendants, Wells Fargo Bank, N.A. and Bank of America, N.A.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of June, 2013, a copy of the foregoing Reply Memorandum was served on the following via the Court's CM/ECF system:

Phillip R. Robinson, Esquire
Legg Law Firm, LLC
5500 Buckeystown Pike
Frederick, Maryland 21703

*Counsel for Plaintiff*

/s/ Virginia W. Barnhart
Virginia W. Barnhart